IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Charleston

**MERINDA PHOLWATTANA,**

    **Plaintiff,**

v.                                    **Civil Action No. 2:10-cv-00989**
                                        **The Hon. Joseph R. Goodwin**

**BARCLAY BANK,**
**WORLD FINANCIAL NETWORK BANK,**
**and ALLIANCE DATA SYSTEMS,**

    **Defendants.**

**BARCLAYS BANK DELAWARE'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AND REFER TO ARBITRATION**

COMES NOW, the Defendant, Barclays Bank Delaware (hereinafter referred to as "Barlcays") by counsel, Christopher J. Sears, John D. Hoblitzell III, and the law firm of Shuman, McCuskey & Slicer, PLLC, and sets forth the following grounds in support of its "Motion to Dismiss and Refer to Arbitration."

**I:**    **Introduction and Preliminary Statement of Facts**

Barclays Bank Delaware issued Plaintiff, Merinda Pholwattana a Juniper Mastercard in late 2007. By September, 2009, Ms. Pholwattana's account was delinquent. She last used her card in approximately March of 2009.[1] When Ms. Pholwattana used her card, she consented to the terms and conditions of use set forth in the Card Member Agreement provided to her when she received her Barclays Bank Delaware credit card. Her Card Member Agreement contains an arbitration provision.

---

[1] While Ms. Pholwattana's account was overdue prior to September, 2009, she continued to make some payments on the card until that time.

On or about July 30, 2010, Ms. Pholwattana filed the instant Complaint in the Circuit Court of Kanawha County, West Virginia.  Barclays was served through the West Virginia Secretary of State's Office by letter dated July 6, 2010.  (*See* Docket Sheet attached to Notice of Removal, Doc. # 1.)  A Joint Notice of Removal was timely filed by all Defendants on or about August 5, 2010.  Included therein was Barclays' Answer.  (Doc. # 2.)

In her Complaint, Plaintiff alleges generally that she had a credit card issued by Barclays (*See* Complaint, ¶5.)  She alleges that, on or about April 1, 2010, after encountering financial difficulties, she hired attorney Robin Godfrey to represent her and that Mr. Godfrey wrote Barclays and advised it of his representation of Plaintiff and requested that it no longer contact her regarding her debt. (*See* Id. ¶¶6-8.)  Plaintiff alleges that, thereafter, Barclays continued to contact her, and allegedly called her some 230 times.  (*See* Id. ¶10.)

Against Barclays, Plaintiff is alleging that it violated the West Virginia Consumer Credit and Protection Act, specifically, W.Va. Code §§ 46A-2-128(e) and 46A-2-125(d).  (Id. at Count 1.)  She further set forth claims of negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy.  (Id., Counts Two through Five.)  Plaintiff seeks damages allowed by statute, and asserts claims for attorney fees, emotional distress, annoyance and inconvenience, and punitive damages. She also seeks cancellation of the underlying debts and a refund of payments made on the debt.  (Id. at "Wherefore" paragraph)

On August 10, 2010, an Order and Notice was entered.  (Doc. # 7.) This Order set a deadline of September 10, 2010 for the filing of Rule 12(b)(6) motions.  As such, this motion is timely filed.

Plaintiff, in her contract with Barclays, is required to arbitrate any claim she may have

against Barclays arising out of her account. Plaintiff has failed to arbitrate, but has instead filed suit against Barclays. In cases such as this, where a valid and enforceable arbitration agreement exists, under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, the Court should stay or dismiss Plaintiff's claims and refer this matter to arbitration.

**II:    Analysis**

    A:    <u>Motion to Dismiss Standard</u>:

A motion to dismiss is proper when the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). While a complaint, to survive a Rule 12(b)(6) motion, does not need detailed factual allegations, the allegations must be sufficient to raise the right to relief above more than a speculative level. *See* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the factual allegations in the complaint are assumed to be true. *See* <u>Columbia Venture, LLC v. Dewberry & Davis, LLC</u>., 604 F.3d 824, 827 (4th Cir. 2010.) Dismissal or a stay of the action is appropriate under the Federal Arbitration Act when the matter is referable to arbitration. *See*, 9 U.S.C. § 3.

    B:    <u>Plaintiff's Claims are Referable to Arbitration Under the Federal Arbitration Act</u>

        *I.    Plaintiff should be compelled to arbitrate this dispute under the FAA*

The Card Member Agreement between Plaintiff and Barclays in the case at bar contains a fair, valid, and enforceable arbitration provision. The enforceability of arbitration provisions is favored under federal law. *See* <u>Green Tree Financial Corp. v. Randolph</u>, 531 U.S. 79, 89 (2000)(noting the FAA's purpose is to "reverse the longstanding judicial hostility to arbitration agreements..."); <u>Adkins v. Labor Ready, Inc.</u>, 303 F.3d. 496, 500 (4th Cir. 2002)(internal quotations omitted)("The FAA reflects 'a liberal federal policy favoring arbitration

agreements.'"); Miller v. Equifirst Corporation of WV, 2006 U.S. Dist. Lexis 63816, *8 (S.D. W.Va. 2006). Indeed, doubts as to the scope of arbitrable issues under the FAA are to be resolved in favor of arbitration. *See* American General Life and Accident Insurance Company v. Wood, 429 F.3d. 83, 87 (4th Cir. 2005.)

Arbitration agreements are presumptively valid under Section 2 of the FAA, which states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.

When a matter is referable to arbitration, the Court shall stay the trial of the action upon application of a party to refer the matter to arbitration. *See* 9 U.S.C. § 3. The application may be made and heard as a motion. *See* 9 U.S.C. § 6. A federal court may also compel arbitration when one party to an arbitration agreement fails to arbitrate. *See* 9 U.S.C. § 4.

"A party can compel arbitration by establishing: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute." Wince v. Easterbrooke Cellular Corporation, 681 F.Supp.2d 679, 683 (N.D. W.Va. 2010); *see also* Miller, 2006 U.S. Dist. Lexis 63816, *10; American General, 429 F.3d at 87.

In the case at bar, these four prerequisite elements are easily met. There is clearly a dispute between the parties. Plaintiff has filed suit against Barclays claiming that its collection

4

activities violated the WVCCPA, and has also asserted common law tort claims of negligence, invasion of privacy, and intentional and negligent infliction of emotional distress. (*See* Complaint.)

There is a written agreement that includes an arbitration provision covering this dispute. The Card Member Agreement setting forth the terms and conditions of Plaintiff's use of the credit card issued by Barclays, which specifically states that "[b]y signing, keeping or using your Card or Account, you agree to the terms and conditions of this Agreement...," contains an arbitration provision in part, as follows:

> **Arbitration:**
>
> Any claim, dispute or controversy ("Claim" by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, or any transaction on your Account including (without limitations) Claims based on contract, tort (including intentional torts), fraud, agency, negligence, statutory or regulatory provisions or any other source of law and Claims regarding the applicability of this arbitration clause of the validity of the entire Agreement, shall be resolved exclusively and finally by binding arbitration under the rules and procedures of the arbitration Administrator selected at the time the claim is filed.
>
> ...
>
> This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16

(*See* Affidavit of Claudia Roark and Card Member Agreement, attached hereto as **Exhibit A**)(emphasis in original)[2]

---

[2]The arbitration provision requires both parties to arbitrate disputes. It does not require one party to arbitrate while reserving remedies to the other. It provides a choice of forum and provides the cardholder the ability to chose an alternate forum in lieu of that selected by Barclays. It further provides that Barclays will reimburse the card holder her fees and costs incurred in connection with arbitration if she prevails, and provides for reimbursement, in some

The transaction and relationship is related to interstate commerce.  Plaintiff, a West Virginia resident, obtained a credit card from Barclays, a bank based in Wilmington, Delaware.  Under the account, Barclays extended her credit that she used to purchase numerous goods and services in multiple states.  "Commerce" as defined by the FAA, includes "commerce among the several States or with foreign nations..." 9 U.S.C. § 1. The relationship between Barclays and Plaintiff in the case at bar clearly involves commerce among the States.  Further, multiple federal district court decisions in the Southern and Northern Districts of West Virginia have applied the FAA to consumer credit collection cases brought under the WVCCPA.  *See* Baker v. Green Tree Servicing Corp., 2010 U.S. Dist. Lexis 31738 (S.D. W.Va. 2010)(compelling arbitration of claim between consumer and lender that financed purchase of mobile home); Miller v. Equifirst, 2006 U.S. Dist. Lexis 63816 (S.D. W.Va. 2006)(compelling arbitration in claim brought by homeowner in suit against mortgage lenders); Strawn v. AT&T Mobility, 593 F.Supp.2d 894 (S.D. W.Va. 2009)(compelling arbitration of claim that $2.99 monthly roadside assistance fee in cell phone agreement violated the WVCCPA); Miller v. Dell Financial Services, LLC, 2009 U.S. Dist. Lexis 125197 (S.D. W.Va. 2009)(compelling arbitration in suit by consumer against Dell Financial Services over collection activities on consumer credit account used to purchase a personal computer).

Finally, Ms. Pholwattana has failed to arbitrate the dispute, as evidenced by her choosing to file the instant litigation rather than electing to arbitrate the dispute pursuant to the Card Member Agreement.  As such, it is appropriate to compel arbitration in this matter.

---

circumstances, of arbitration fees in excess of filing fees that would be incurred if the matter were filed in court.  *See* Exhibit A.

## II. A valid contract and agreement to arbitrate exists.

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether a party agrees to arbitrate is a question of state law concerning contract formation. *See* Strawn, 593 F.Supp.2d at 898; American General, 429 F.3d at 87.

Though this contract, under West Virginia law may be a contract of adhesion, such a fact does not render it invalid. Rather, the task is to distinguish the "good adhesion contracts which should be enforced from bad adhesion contracts which should not." State ex rel. Dunlap v. Berger, 567 S.E.2d 265, 273 (W.Va. 2002). Thus the question is whether the terms of the contract make it unconscionable. In assessing this question, the focus is whether both gross inadequacy in bargaining power *and* "terms unreasonably favorable to the stronger party" exist so as to make the contract unconscionable and unenforceable. American General, 429 F.3d at 88 (quoting State ex rel Saylor v. Wilkes, 613 S.E.2d 914, at 922 (W.Va. 2005). Unequal bargaining position alone is insufficient to find a contract term unconscionable, rather unequal bargaining power must be coupled with terms that are "unreasonably favorable to the stronger party." Arnold v. United Companies Lending Corporation, 511 S.E.2d 854, 860 (W.Va. 1998)(quoting Troy Mining Corp. V. Itmann Coal Co., 346 S.E.2d 749, 753 (W.Va. 1986.)

Further, to the extent West Virginia law imposes any requirement that arbitration clauses be bargained for, such a requirement has been preempted by the FAA, which preempts "state rules of contract formation which single out arbitration clauses and unreasonably burden the ability to form arbitration agreements." Miller, 2009 U.S. Dist. Lexis 125197, *10-11(quoting Saturn Distrib. Corp. v. Williams, 905 F.2d 719, 723 (4th Cir. 1990); *see also* Shultz v. AT&T

Wireless Services, Inc., 376 F.Supp.2d 685, 689 (N.D. W.Va. 2005)(holding that doctrine that arbitration provisions must be bargained for is preempted by FAA.)

In the case at bar, the arbitration clause is valid and enforceable.  Plaintiff obtained a credit card from Barclays and used it for several years.  The Card Member Agreement clearly states that use of the account constitutes acceptance of the agreement.  (*See* Exhibit A.)  Plaintiff used the card and obtained the benefit of the credit extended to her by Barclays.  The terms of the arbitration provision are not unreasonably favorable to Barclays, but are instead evenly balanced.  For example, both parties are required to arbitrate.  A choice of forums is provided. Further, to minimize the financial impact of arbitration on the card holder, Barclays will reimburse, in some instances, filing fees related to arbitration that are in excess of court filing fees.  Additionally, Barclays will pay all of the cardholder's fees and costs incurred in arbitration if the card holder prevails.  (Id.) Unlike the arbitration provision in Arnold, *supra*, that the West Virginia Supreme Court of Appeals invalidated because it required the borrower to waive rights while at the same time allowing the lender to continue to exercise those same rights, *see* Arnold, 511 S.E.2d at 862, the provision at issue herein is fair and balanced and applies equally to both parties.  As such, it is not unreasonably favorable to Barclays and should be enforced.

**III:    Conclusion**

Plaintiff's Card Member Agreement contains a valid and enforceable arbitration provision.  Arbitration is favored under the Federal Arbitration Act.  The provision at issue is fair and evenly balanced and, as such, should be enforced by dismissing or staying this action and referring it to arbitration.

                                                    **BARCLAYS BANK DELAWARE,**
                                                    **By Counsel**

**/s/John D. Hoblitzell III**
Christopher J. Sears, Esq. (WVSB # 8095)
John D. Hoblitzell III, Esq. (WVSB # 9346)
Shuman, McCuskey & Slicer, PLLC
P.O. Box 3953
Charleston, West Virginia 25339-3953
(304) 345-1400
*Counsel for Barclays Bank Delaware*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Charleston

**MERINDA PHOLWATTANA,**

    **Plaintiff,**

v.          Civil Action No. 2:10-cv-00989
         The Hon. Joseph R. Goodwin

**BARCLAY BANK,**
**WORLD FINANCIAL NETWORK BANK,**
**and ALLIANCE DATA SYSTEMS,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, John D. Hoblitzell, do hereby certify on this 3rd day of September, 2010 that I electronically filed the foregoing **BARCLAYS BANK DELAWARE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND REFER TO ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Brian Blickenstaff, Esquire<br>**Turner & Johns, PLLC**<br>216 Brooks Street, Suite 200<br>Charleston, WV 25301<br>*Counsel for Plaintiff* | David M. Kersey, Esquire<br>**Brewster, Morhous, Cameron, Caruth,**<br>**Moore & Kersey**<br>418 Bland Street<br>P.O. Box 529<br>Bluefield WV 24701-0529<br>*Counsel for World Financial Network*<br>*National Bank and Alliance Data Systems* |
| Robin L. Godfrey, Esquire<br>800 Security Building<br>Charleston, WV 25301<br>*Counsel for Plaintiff* |    /s/John D. Hoblitzell III<br>Christopher J. Sears (WV Bar #8095)<br>John D. Hoblitzell, III, Esq. (WVSB # 9346)<br>**Shuman, McCuskey & Slicer, PLLC**<br>1411 Virginia Street East, Suite 200<br>Post Office Box 3953<br>Charleston, WV 25339<br>(304) 345-1400 |